**REISSUED FOR PUBLICATION**
DEC 21 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

## In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 23, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| NICO GHASEMIPOR, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-17V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Failure to Prosecute. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Nico Ghasemipor, pro se, Revere, MA, for petitioner.
Voris Johnson, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

### I.   INTRODUCTION

On January 3, 2020, Nico Ghasemipor ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleged that his wife suffered from a still birth as a result of a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccination administered on August 22, 2019. Petition at 1 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Based on all the reasons set forth below and in the Show Cause Order dated September 2, 2020, and for failure to comply with the Show Cause Order, the undersigned dismisses this case for failure to prosecute and insufficient proof.

## II.  PROCEDURAL HISTORY

Petitioner filed his claim on January 3, 2020, alleging his wife suffered a still birth as a result of a DTaP vaccination administered to her on August 22, 2019.  Petition at 1.

On January 9, 2020, the case was reassigned to the undersigned.  Notice of Reassignment dated Jan. 9, 2020 (ECF No. 8).  On March 23, 2020, petitioner filed medical records.[3]  ECF No. 14.  Petitioner filed additional medical records and a compact disc of videos and pictures from doctors' appointments on May 19, 2020.  ECF No. 16.

On September 2, 2020, a status conference was held with the parties.  During the status conference, petitioner stated that his wife was given a vaccine, but that the hospital provided no records of it.  After the status conference, the undersigned filed an Order to Show Cause stating,

> [a]s the record stands, there is no evidence to show that petitioner's wife received the DTaP vaccination or any vaccination during her pregnancy.  The undersigned stated that unless petitioner can provide the Court with evidence of vaccination, [the petition] will have to [be] dismiss[ed] . . . for lack of jurisdiction and failure to prosecute.

Order to Show Cause dated Sept. 2, 2020, at 1 (ECF No. 21).  On September 9, 2020, petitioner emailed and left a voicemail stating that the case should not be dismissed.  However, petitioner did not file any additional documents, and specifically, he did not file any evidence that his wife received the alleged vaccine.

This matter is now ripe for adjudication.

## III.  RELEVANT FACTUAL SUMMARY

On March 7, 2019, petitioner's wife presented to Women's Healthcare at Waltham.  ECF No. 14 at 9.  Mary Cullliton, Certified Nurse Midwife ("CNM") performed a CBC/hepatic panel and found the patient was 1-2 weeks pregnant.  Id.  The patient had notable nausea and vomiting.  Id.

Petitioner's wife presented to Dr. Marianne Delach for an ultrasound on June 12, 2019.  ECF No. 14 at 31-32.  There were no abnormal findings during the ultrasound.  Id. at 32.  On June 18, 2019, petitioner's wife had a follow up with Ms. Culliton.  ECF No. 14 at 17.  On exam, the patient had reassuring fetal survey with a "[s]mall left lateral posterior fibroid noted."  Id.  On July 24, 2019, petitioner's wife presented for an ultrasound with Dr. Millie Ferres.  ECF No.

---

[3] Due to lack of pagination and exhibit numbers on the Medical Records filed, the undersigned will refer to the records by their docket entry numbers for convenience.

16 at 48. Fetal cardiac activity and movements were present. Id. Fetal presentation was breech. Id.

On August 22, 2019, petitioner and his wife presented to Dr. Delach. ECF No. 14 at 17. She reported feeling well with some reflux. Id. She received "Rhogam for Rh neg."[4] and they "[d]iscussed Tdap" to "consider for next visit if they are agreeable to it." Id.; ECF No. 16 at 6.

On the morning of August 24, 2019, petitioner and his wife could not feel the fetus moving. Petition at 1. They presented to Dr. Audrey Duva-Frissora at Mount Auburn Hospital for an ultrasound. Id. Dr. Duva-Frissora documented fetal demise with absent cardiac activity and no amniotic fluid surrounding fetus. ECF No. 14 at 3.

An autopsy was performed at Beth Israel Deaconess Medical Center, on September 16, 2019, by Dr. David Yang. ECF No. 16 at 13-15. Examination revealed the fetus was delivered stillborn at 29 weeks. Id. at 14. The autopsy showed a normally developed female fetus with no anomalies. Id. Findings were unspecific, "but raise the possibility of a cord accident as cause of death." Id.

## IV.  ANALYSIS

When a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests). Petitioner's failure to file complete medical records, failure to file any response to the Order to Show Cause, and failure to file any proof of vaccination indicates a disinterest in pursuing their claim. Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, a petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. See §§ 11(c)(1), 13(a)(1)(A).

Here, a review of the records does not show that the petitioner's wife suffered a "Table Injury." Further, although petitioner filed medical records, the records did not include any documentation that petitioner's wife received the DTaP vaccine in question. Instead, the records show that the vaccine was discussed, and would possibly be administered at the next prenatal visit. Without evidence of vaccination, the undersigned finds that the record does not support a

---

[4] RhoGAM is an injection made up of immune globulin to prevent Rh-sensitization of Rh-negative females and thus prevent erythroblastosis fetalis, a type of fatal anemia in infants. Dorland's Medical Dictionary Online, https://www.dorlandsonline.com/dorland/ definition?id=78981 (last accessed Nov. 18, 2020).

3

claim under the Vaccine Act, or otherwise include preponderant evidence demonstrating that petitioner's wife sustained any vaccine injury.  The undersigned expresses her sympathy for petitioner and his family and the ordeal they went through, but unfortunately the case cannot proceed without proof of vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
